UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS INGRASSIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV2062 AGF |
| | ) |
| KEITH SCHAFER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for permissive joinder of parties under Rule 20(a) of the Federal Rules of Civil Procedure. The motion is more accurately characterized as a motion for relief from judgment, and the Court will treat it as such. In the motion, Plaintiff seeks to add back to the complaint two persons who were dismissed on § 1915(e) review and four persons who were dismissed under Rule 4(m). The motion will be denied.

1.  Section 1915(e) Dismissals

The Court previously dismissed Defendants Davinder Hayreh and Darren Sheets under § 1915(e) for the reason that Plaintiff had not sufficiently alleged their personal involvement in the alleged violations of his constitutional rights. In his amended complaint, Plaintiff alleged that he made a statement to staff that he was going to "stand up for himself." Plaintiff claims his statement was interpreted as a threat by a staff member, and he was ordered to go into seclusion. Plaintiff refused the order. Dr. Hayreh, a psychiatrist, was

called, along with a Code 10, meaning all available staff members.  Plaintiff claims that Dr. Hayreh told the Code 10 staff members to "get him."  Plaintiff says he ran into his room where he held tightly on to his bunk bed frame in order to prevent the responders from carrying out their orders.  He characterizes their attempt to do so as an "attack."

Defendant Sheets was part of the Code 10 response team.  Plaintiff avers that while he was physically refusing to comply with orders, Sheets and Chamberlain "grabbed Plaintiff's left arm and shoulder and around his upper chest and neck, and yanked on Plaintiff repeatedly with full force, whiled David L. Easter jerked on Plaintiff's legs to dislodge them from the steel frame.  Eventually these three Defendants ripped Plaintiff away from the bed causing severe bruising and injury to Plaintiff's upper chest, arms, legs, and feet, with broken skin and bleeding.  Plaintiff's back was reinjured in this attack."  Am. Cmplt. 3-A-22.

As the Court has stated numerous times before in this case, Plaintiff's conclusory labels do not control the manner in which the Court reads the complaint.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  Plaintiff characterizes the actions of the staff as physical "attacks" on him when it is clear from the context of his allegations that they are merely enforcing the security of the institution.  This is one such instance.  Plaintiff has a history of escaping from this institution.  At the time of the complaint he is considered to be a red-level security risk.  Yet he admits that he taunts staff, refuses directives, and runs from Code 10 teams to his bunk bed where he secures himself to his bunk bed.

Plaintiff has failed to allege a constitutional violation against either Hayreh or Sheets. He has not alleged that either Defendant was deliberately indifferent to his needs or that either Defendant maliciously or sadistically attempted to injure him. Plaintiff's non-conclusory allegations against these two Defendants show that they rationally reacted to Plaintiff's own refusal to comply with staff's directives.

2.   Rule 4(m) Dismissals

On January 18, 2013, the Court dismissed Defendants Rodney Rangel, Susan Zoenthoefer, Ron Scharer, and Bryan Smith under Rule 4(m) after giving notice to Plaintiff because he had failed to provide the Court with their service information well after the deadline had passed. Plaintiff has not provided the Court with the Defendants' addresses with his new motion. Nor has he provided any new arguments or new evidence that would justify reopening the case as to these individuals. As a result, the motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for permissive joinder of parties under Rule 20(a) of the Federal Rules of Civil Procedure [ECF No. 65] is **DENIED**.

Dated this 20th day of March, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE