IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. INGRASSIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV02062 AGF |
| | ) |
| KEITH SCHAFER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff's motion (Doc. No. 80) to compel the production of certain evidence and for the appointment of counsel. Plaintiff, who is currently confined in the Sex Offender Rehabilitation and Treatment Service ("SORTS") in Farmington, Missouri, is proceeding in forma pauperis in this action for damages resulting from injuries allegedly caused by Defendants, who are various SORTS officials and staff, during several incidents over several years while Plaintiff was confined at SORTS, including injuries from allegedly being choked and strangled by Defendants on October 10, 2010. The case is now at the summary judgment stage. For the reasons set forth below, the motion to compel is granted in part and denied in part, and the motion to appoint counsel is denied.

The parties do not dispute that on October 10, 2010, there was an altercation between Plaintiff and SORTS personnel in the seclusion room at the facility.[1] The incident was

---

[1] According to Defendants, Plaintiff was ordered to go to the seclusion room, but before he did so he picked up cookies from another room and took them with him. Plaintiff was told he could not take the cookies into the seclusion room, but he tried to avoid giving them to SORTS personnel and when they tried to take the cookies, Plaintiff resisted, and the altercation at issue ensued.

recorded by security cameras at the facility in the form of still-frame color images taken at one second intervals.  The images are stored on a compact disc.  Later that day security personnel took photographs of Plaintiff's injuries from the altercation.

On August 27, 2013, Plaintiff was allowed to view the disc in question.  In addition, during discovery, Defendants produced some black and white printouts of the images, but Defendants objected to producing the disc to Plaintiff because of security concerns.  Plaintiff filed the motion to compel now under consideration on September 6, 2013, asking for an order compelling Defendants to produce a copy of the disc showing the still-frame images for the duration of the October 10, 2010 incident, or at least color photographs of each image on the disc from that day.  He argues that the black and white photographs that were provided are too low-quality to show the type and severity of his injuries, and also that "[t]he sequence of photographs produced has many snapshots missing in the 10-10-10 event, which may show Plaintiff being choked and strangled."  (Doc. No. 80 at 3.)

Defendants respond that they produced all the still frame printouts in their possession, and that producing the disc would pose a risk of safety and security at the prison, especially as Plaintiff already escaped from SORTS once, and the images were taken by security cameras.  They also argue that Plaintiff's motion should be denied because it was filed after the July 18, 2013 deadline for filing motions to compel, and because Plaintiff did not comply with Local Rule 3.04(A) which requires a party to communicate with the opposing party before filing a motion to compel.  Defendants maintain that because Plaintiff was permitted to view the disc, he is not prejudice by the failure to produce it or color photos of its contents with respect to October 10, 2010.

On September 27, 2013, Defendants filed a motion for summary judgment.  One of

2

the exhibits submitted to the Court in support of the motion is a copy of the disc in question. The Court has viewed the relevant portions of the disc.

The Court finds that Defendants need not provide Plaintiff with the disc or color printouts of all images taken with security cameras on October 10, 2010.  *See, e.g.*, *Martinez v. Garsha*, No. 1:09-cv-00337-LJO-SKO PC, 2013 WL 3744172, at *1 (E.D. Cal. July 15, 2013) (noting that otherwise discoverable information that would pose a threat to the safety and security of the prison may not need to be disclosed) (citing cases); *Boyle v. Lay*, No. 5:11CV00014 JMM/JTR, 2011 WL 2784099, at *1 (E.D. Ark. July 15, 2011) (noting legitimate security concerns in giving prisoners copies of security videos but requiring the defendants to allow prisoner to view the video); *Gomes v. United States*, No. 05-00363 LEK, 2008 WL 217107, at *4 (D. Haw. Jan. 24, 2008) (concluding that the government could legitimately condition production of photographs of four prison locations on the prisoner not being allowed to keep copies of the photographs because of concerns that inmates could use the photographs to plan riots, demonstrations, or escape attempts).

However, the Court discerns no security risk, nor have Defendants articulated any, in providing Plaintiff with color copies of any photographs taken of him on October 10, 2010 by non-security cameras after the altercation ended.  Thus, within seven days from the date of this Memorandum and Order, Defendants shall produce color copies of any photographs taken of Plaintiff on October 10, 2010 with non-security cameras after the altercation in the seclusion room ended.   The Court will further order Defendants to grant Plaintiff another opportunity to view the relevant portions of the disc, within 14 days of the date of this Memorandum and Order, so that he has a fair opportunity to respond to the motion for summary judgment as it relates to happenings on October 10, 2010.

The Court notes that although Plaintiff's motion to compel was filed after the deadline for such motions, there is no allegation of prejudice by Defendants resulting from the delay.  With respect to Plaintiff's motion to appoint counsel, the Court finds that it is not necessary to appoint counsel at this time for the reasons stated in its earlier Orders denying Plaintiff's requests to have counsel appointed.  (Doc. No. 5; Doc. No. 58.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part as set forth above.  (Doc. No. 80.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  (Doc. No. 80.)

Plaintiff is reminded that pursuant to this Court's Order dated October 31, 2013, he has 30 days from the date of the present Memorandum and Order to respond to Defendants' motion for summary judgment.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2013.