**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS INGRASSIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:11-CV-2062AGF** |
| **v.** | ) | |
| | ) | |
| **KEITH SCHAFER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Plaintiff recognizes that the Court has already entered an order granting Dr. Englehart's motion. Plaintiff files the following opposition to the Motion for Protective Order solely to preserve its objection to the motion.

Federal Rule of Civil Procedure 43 permits testimony via video conference but only "[f]or good cause in compelling circumstances." A vacation is neither good cause nor a compelling circumstance. As Dr. Englehart admits, the only reason he scheduled his vacation in June was because the attorney for Defendants failed to tell him about the trial date. Mr. Ingrassia's right to put on evidence should not be infringed because Defendants' counsel failed to inform Dr. Englehart of the trial date. Accordingly, the deponent's motion should be denied.

**BACKGROUND**

On June 6, 2016, an agent of Plaintiff hand delivered a subpoena to Dr. Jay Englehart to testify at trial. Prior to serving the subpoena, undersigned counsel made it abundantly clear that

1

Plaintiff planned to call Dr. Englehart as a witness in his case-in-chief.[1]  *See* Dr. Englehart's

Motion at 2-3.

## ARGUMENT

The Advisory Committee Notes to Rule 43(a) state that permitting testimony via video

should only be granted in extraordinary circumstances:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.*

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial *for unexpected reasons*, such as accident or illness, but remains able to testify from a different place.

> \*\*\*

> Other possible justifications for remote transmission must be approached cautiously.

Rule 43 Advisory Committee Notes to 1997 Amendment (emphasis added).

Guided by these principles, in *Humbert v. O'Malley*, No. CIV. WDQ-11-0440, 2015 WL

1256458, at \*2 (D. Md. Mar. 17, 2015), the Court denied a motion to permit testimony via

videoconference for a witness in California.

> Humbert's conclusory assertions about Tan's work and family 'obligations,' devoid of evidentiary support, are insufficiently 'compelling' to permit contemporaneous transmission. Nor is the Court convinced that the financial expense of traveling from California merits contemporaneous transmission.

---

[1]     In Dr. Englehart's motion, he states "Mr. Wyrsch took the position with AAG Relys that he was fine with Dr. Englehart's absence and did not want his testimony."  This statement is not true and is not supported by the evidence cited by Dr. Englehart.  The only communication undersigned counsel had with Mr. Relys on May 26, 2016 was the e-mail attached to Dr. Englehart's Exhibit 2.

*See Humbert v. O'Malley*, No. CIV. WDQ-11-0440, 2015 WL 1256458, at *2 (D. Md. Mar. 17, 2015). Simply having to travel a distance is a mere inconvenience and not a compelling reason warranting video testimony.  *In re Mikolajczyk*, No. DM 15-90015, 2015 WL 3505135, at *1 (Bankr. W.D. Mich. June 3, 2015); *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 4181958, at *2 (E.D. Va. Aug. 21, 2014) (having to travel from Ukraine is not good cause to permit video conference from Ukraine).

Courts that have permitted this testimony generally do so only in truly compelling circumstances that do not exist in this case.  *See Alcala v. Hernandez*, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *2 (D.S.C. Apr. 27, 2015) (petitioner could not obtain visa and could not afford to travel from Mexico to United States); *El–Hadad v. United Arab Emirates,* 496 F.3d 658, 668–69 (D.C.Cir.2007) (finding remote testimony from Egypt appropriate when the witness could not obtain a visa to enter the United States); *Haimdas v. Haimdas,* 720 F.Supp.2d 183, 187 (E.D.N.Y.2010) (testifying from London because of the inability to obtain a visa), *aff'd,* 401 F. App'x 567 (2d Cir.2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 480 (D. Md. 2010) ("compelling individuals who make no more than $7,000 a year to travel hundreds of miles seems fundamentally unjust"), *Dagen v. CFC Grp. Holdings Ltd.*, No. 00 CIV. 5682 (CBM), 2003 WL 22533425, at *1 (S.D.N.Y. Nov. 7, 2003) (requiring witnesses in Hong Kong to travel to New York "would more or less grind defendants' business to a halt"); *Warner v. Cate*, No. 1:12-CV-1146-LJO-MJS, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (witness lives over a thousand miles from court)

Plaintiff recognizes that this Court has previously recognized "travel cost and time-related factors as providing good cause, especially in the case of third-party witness testimony."  *Sprint Nextel Corp. v. Yoak*, No. 4:13CV01292 AGF, 2014 WL 6796074, at *1 (E.D. Mo. Dec. 2, 2014). However, in that case the Court emphasized that the witness at issue lived out of state, had already

travelled to St. Louis for a previous hearing that was cancelled and, that due to the hearing schedule, the witness may have to spend at least one night in the city.  These circumstances do not exist in this case.

Plaintiff was unable find a single case where a party sought, much less received, permission for testimony of a witness via videoconference because the witness voluntarily chose to go on vacation during the trial.  Nor has Dr. Englehart cited any such case.  Plaintiff should not be denied his right to present and confront Dr. Englehart as a live witness because the attorney general's office failed to tell Dr. Englehart about the trial date, which was scheduled months ago.  Notably, while Dr. Englehart has stated that the $5,000 deposit is non-refundable, he has not offered any evidence suggesting that the deposit could not be used for a vacation on a different date.  If the vacation is truly unrefundable and not able to be re-scheduled, then the State should move for a continuance rather than attempt to force Plaintiff to call a witness in a manner deemed acceptable only to the State.

With regard to a deposition, Dr. Englehart resides within the district and has been properly subpoenaed.  Accordingly, he is not "unavailable" within the meaning of Rule 32 and his deposition may not be used in lieu of his testimony.  Moreover, a trial deposition is not a useful substitution for live testimony.  In addition to the reasons that video conference testimony is disfavored, deposition testimony does not allow the parties to ask questions that may arise during trial and which were not readily apparent until after trial began.  The parties would also have to haggle over which portions of the deposition are able to submitted as evidence as the Court would not be present to rule on evidentiary issues.

Dr. Englehart claims that he could testify in person during the second week of the trial. First, it is entirely unclear that this case will extend into a second week.  The Court and Plaintiff

certainly have been planning on this being a one-week trial.  Second, the problem with Mr. Relys' suggestion is that Plaintiff wishes to have Dr. Englehart testify in his case in chief.  Even if this case were to extend into a second week, Plaintiff anticipates that Plaintiff's case in chief will certainly be complete during the first week of trial. Plaintiff has the right to present the testimony of Dr. Englehart and to not wait until Defendant's case.

Plaintiff's counsel will, of course, attempt to accommodate Dr. Englehart by giving him as much as advance notice as he can regarding when he expects Dr. Englehart's testimony to be actually needed.  Plaintiff's counsel has no desire for Dr. Englehart to spend any more time at Court than is necessary.

For the reasons stated above, Plaintiff respectfully requests that the Court deny Dr. Englehart's motion for a protective order.

Respectfully Submitted,

KHAZAELI WYRSCH STOCK LLC

By:    /s/ James R. Wyrsch

James R. Wyrsch, #MO53197
Javad M. Khazaeli, #MO53735
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0766 (Phone)
 james.wyrsch@kwslawfirm.com

Edward Hall #0012692IA
Blake A. Strode #68422MO
ARCH CITY DEFENDERS, INC.
1210 Locust Street, 2nd Floor
St. Louis, MO 63103
Tel: 855-724-2489
Local: 314-361-8834
Fax: 314-925-1307

Sheila Renee Stuart #65217MO
THE LAW OFFICE OF SHEILA R. STUART
ESQ., LLC
South Bemiston Suite 800
Clayton, MO 63105
Tel: 314-680-0920
Fax: 314-854-9118
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of June 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Courts electronic filing system on all counsel of record.

/s/ James R. Wyrsch