IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. INGRASSIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV02062 AGF |
| ) | |
| KEITH SCHAFER, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Following the pretrial conference held in this case beginning on July 14, 2016, and continuing on June 21, 2016, and for the reasons stated by the Court thereat, the Court sets forth its rulings on the parties' motions in limine as follows:

**Plaintiff's Motion in Limine** (Doc. No. 189)

1. Any reference to Plaintiff's criminal convictions or any facts related thereto: **GRANTED in part and DENIED in part**. Plaintiff's felony conviction for property damage and the fact of Plaintiff's escape will be admissible affirmatively and the conviction will be admissible for impeachment under Federal Rule of Evidence 609. Subject to reconsideration, should Plaintiff withdraw his motion in limine in paragraph 2, below, Defendants will not be permitted to offer into evidence Plaintiff's original convictions for sex crimes.

2. Any reference to the nature of Plaintiff's civil commitment, Plaintiff's status as a sex offender, history of sexual misconduct, or the mental health facility where he is confined as a sexual offender rehabilitation or treatment facility, or by an acronym such as "SORTS" or "MSOTC" which alludes to that fact: **RULING RESERVED**. On or before **July 12, 2016**, Plaintiff must advise the Court whether he wishes to withdraw this particular motion in limine, in light of the potential trial problems discussed at the hearing. If Plaintiff does not withdraw this particular motion, the Court *will consider* granting the motion, subject to the

parties and the Court being able to reach agreement with respect to the conditions discussed more fully at the hearing on June 21, 2016. The conditions include, but are not limited to, advising the jury, by a stipulation or otherwise that (i) the facility is a unique facility housing individuals civilly committed in connection with events involving violence, (ii) Plaintiff has refused mental health treatment and is not subject to any form of pharmaceutical treatment, and (iii) Plaintiff is able to control the conduct he engaged in prior to the incidents at issue in the litigation and engaged in such conduct intentionally.

3. Any reference to unrelated misconduct of Plaintiff and unrelated incidents: **GRANTED in part and DENIED in part**. The parties may address such situations generally as necessary for context, and are directed to confer with one another and attempt to reach agreement with respect to a small number of unrelated incidents by each party that may be offered as examples.

**Defendants' Motion in Limine** (Doc. No. 188)

1. Any testimony, statement, or reference to Defendants' or other witnesses' private personal information, such as, but not limited to, past and present residential information, and familial relations: **DENIED as moot**, having been resolved by the parties. The parties agreed such information will not be admitted except with regard to bias arising out of employment with or a familial relationship with a current Defendant.

2. Reference to the financial disparity of the parties or the sources of any award for damages, including but not limited to mention of the State Legal Expense Fund or indemnification: **DENIED as moot**. Plaintiff agreed not to offer the evidence, subject to Defendants opening the door.

3. Other alleged bad acts by non-party Missouri Department of Mental Health officials: **GRANTED**, subject to Plaintiff providing further information directly linking such conduct to one of the remaining Defendants and the ruling on Plaintiff's Motion in Limine Number 3.

4. No adverse inference for failure to call witness at trial: **GRANTED,** without prejudice to Plaintiff requesting leave to make such argument at the trial, with a particularized basis.

5. Any reference to Plaintiff's claims against Defendants who have been dismissed from this case: **GRANTED in part and DENIED in part**. The parties may address such situations generally as necessary for context.

6. Any reference to Plaintiff's complaints about the quality of medical treatment he has received: **DENIED as moot**, having been resolved by the parties. Plaintiff will not opine as to the quality of medical treatment he received after the incidents at issue, but Plaintiff may testify (i) regarding the fact of his injuries (e.g., that Plaintiff's shoulder was hurt, but not that Plaintiff believed he suffered nerve damage) and (ii) in general as to why he does not engage in mental health treatment.

7. Any reference to Plaintiff's alleged back injury: **GRANTED in part and DENIED in part**. Plaintiff may offer such evidence of his back injury and back surgery, and may offer evidence of further injury alleged to have occurred as a result of the incident that took place shortly after his back surgery, subject to laying the proper foundation that Defendants had notice or knowledge of such back surgery.

8. Any reference to Plaintiff's other lawsuits, including but not limited to the claims and facts involved in Plaintiff's other complaints: **GRANTED** with respect to the lawsuit in 2010 that Plaintiff wishes to offer for the limited purpose of presenting an adverse credibility finding regarding Dr. Jay Englehart, and **DENIED as moot** with respect to all lawsuits.

9. Any reference to other lawsuits involving the Missouri Department of Mental Health or the Sex Offender Rehabilitation Treatment Services Program: **DENIED as moot**, based on the parties' agreement that such evidence will not be offered, subject to Defendants opening the door to same at trial.

10. Any testimony from Joe Dickerson, Kayla Massey, Kelly Riggs, Robin Sohn, and Karen White not involving Plaintiff's character: **DENIED as moot** as to Massey, Riggs, Sohn, and White, based on the parties' agreement. The motion is **GRANTED** with respect to Dickerson, with regard to incidents no longer part of this litigation, absent Plaintiff promptly producing evidence linking these incidents to a current Defendant. The motion is **DENIED** with respect to Dickerson testifying about Pro-ACT training provided, assuming Plaintiff lays the proper foundation, but Dickerson may not testify as an expert or offer opinion testimony.

11. Any reference to other bad acts or alleged bad acts by Defendants:  Same ruling as on Plaintiff's Motion in Limine, paragraph 3, above.

12. Evidence of alleged violations of Missouri Department of Mental Health policies, guidelines, and procedures:  Ruling **RESERVED** until after Defendants disclose any written policies, guidelines, and procedures pursuant to the Court's separate Order dated June 22, 2016, and upon a further showing by the parties as to the relevance of any violations.

13. Any argument, testimony, or reference to this motion and items excluded pursuant to this or any other motion in limine or pretrial ruling:  **DENIED as moot.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2016.