UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS INGRASSIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-CV2062 AGF |
| | ) |
| KEITH SCHAFER, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO AMEND THEIR ANSWERS**

As early as June 15, 2012, some of the Defendants filed an answer in this matter. Four years later – and just three weeks before trial – Defendants now wish to amend their answer to include the affirmative defense of consent. In the years since Defendants filed their answers, Plaintiff Thomas Ingrassia deposed dozens of witnesses. He did not have an opportunity to question Defendants and other witnesses on the specific issues of consent. Allowing Defendants to assert this defense at this late date would prejudice Defendant and undermine the Court's case management order in this case.

**APPLICABLE LAW**

In support of their motion, Defendants cite only Rule 15. While Defendants have failed to meet their burden under Rule 15, Defendants have utterly ignored two other relevant Federal rules at issue in this request.

First, Rule 8(c) requires a party to plead the consent defense in its answer. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714–15 (8th Cir. 2008). "Generally, failure to plead an affirmative defense results in a waiver of that defense." *Id.* (citing *First Union Nat'l Bank v. Pictet Overseas Trust Corp.,* 477 F.3d 616, 622 (8th Cir. 2007)).

1

Second, Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." *Id.* Parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman*, 532 at 714–15 (citing *United States ex rel. Lee v. Fairview Health Sys.,* 413 F.3d 748, 749 (8th Cir. 2005)). A district court appropriately denies the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005)).

Finally, Rule 16(b) requires a court to issue a scheduling order which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). This schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition, Rule 16(d) states that a pretrial order "controls the course of the action unless the court modifies it."  All applicable amendment and discovery deadlines in the scheduling order have long passed, and there is no time remaining to adequately prepare for this defense.

**ARGUMENT**

As discussed above, Rule 8 does allow a late affirmative defense if raised "in a manner that does not result in unfair surprise" *Sherman*, 532 at 714–15. Similarly, pursuant to Rule 15, the Court should deny the motion to amend for, among other things, undue delay and undue prejudice to the non-moving party.

Seeking to amend three weeks before trial is the very definition of unfair surprise, undue delay, and undue prejudice. Plaintiff had no opportunity to depose the dozens of defendants in this case about this defense.  Allowing an amendment at this late date would be fundamentally unfair.

Defendants claim that Plaintiff "has always known that Defendants plan to argue that their actions were necessitated by Plaintiff's own conduct."  This is not precise.  Plaintiff has certainly understood that Defendants would attempt to justify their use of excessive force by blaming Plaintiff, but that is distinct from the idea that Plaintiff somehow consented to being assaulted through words or actions.  Plaintiff has had no opportunity to questions Defendants about the issue of consent.  Plaintiff is thereby prejudiced.

Defendants have offered no excuse for the undue delay in presenting this to the Court. Defendants answered the Complaint four years ago, but have only asked for permission to amend on the eve of trial.  The lack of any explanation for this delay weighs in favor of denying the motion.

Finally, Defendants have cited a single case in support of the proposition that a person can consent to being assaulted and battered.  *See Ysaguirre v. Hummert*, 667 S.W.2d 741, 742 (Mo. App. E.D. 1984). In the 32 years since *Ysaguirre* was published, not a single appellate court has cited it. That may be because the facts are unique and not applicable to many other cases, including the instant matter. In its two-page decision, the court states "[v]iewed favorably to the giving of the instruction, the evidence shows plaintiff initially struck policeman, and fled. When informed he was under arrest, plaintiff said 'Come on, pig. Come on,' and ran. When caught, plaintiff struggled with policeman, resisting arrest, and requiring the officer to use force to accomplish the arrest" as its sole basis for allowing a consent instruction.

In the claims to be tried, Plaintiff has not been accused of initiating violent contact with any individual. Further, there are no claims that Plaintiff uttered any statements analogous to the threatening comments the Plaintiff in *Ysaguirre* made. Rather, Defendants extrapolate that "refusing to submit to a pat search and attempting to push past staff," telling staff to "go get your gloves" before a forced body search, and "by failing to comply with directives" and then resisting *after* the alleged assault began, all constitute actions similar to assault striking an officer and yelling "Come on, pig. Come on." Doc. 223, Memorandum in Support at 5. The cases are simply incomparable, and Defendants have offered no factual support for offering the instruction, even if it had been sought timely.  Moreover, if Defendants view were accepted, assault and battery would be justified in any situation in which the victim simply refuses any command of his attacker.  This is not the law.

For the reasons stated above, Plaintiff respectfully requests that the Court deny the motion to amend.

Respectfully Submitted,

**KHAZAELI WYRSCH STOCK LLC**

By:   /s/ James R. Wyrsch

James R. Wyrsch, #MO53197
Javad M. Khazaeli, #MO53735
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0777 (Phone)
javad.khazaeli@kwslawfirm.com

**ARCH CITY DEFENDERS, INC.**

Edward Hall #0012692IA
Blake A. Strode #68422MO
1210 Locust Street, 2nd Floor
St. Louis, MO 63103
Tel: 855-724-2489
Local: 314-361-8834
Fax: 314-925-1307

**LAW OFFICE OF SHEILA R. STUART ESQ., LLC**

Sheila Renee Stuart #65217MO 231
South Bemiston Suite 800
Clayton, MO 63105
Tel: 314-680-0920
Fax: 314-854-9118

*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of September 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Courts electronic filing system on all counsel of record.

                                                    /s/ James R. Wyrsch